**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DENNIS A. FORBES,                             )
                                              )
                 Petitioner,                  )
                                              )
        vs.                                   )    Civil Action No. 3:25-cv-238
                                              )    Judge Stephanie L. Haines
LEONARD ODDO, *Warden of Moshannon*           )    Magistrate Judge Keith A. Pesto
*Valley Processing Center, et al.*,           )
                                              )
                 Respondents.                 )


**<u>MEMORANDUM ORDER</u>**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 filed *pro se* by Dennis Forbes ("Petitioner") (ECF No. 5). Petitioner is detained at

Moshannon Valley Detention Center ("MVPC") and contests the basis for his final order of

removal and argues his removal proceedings were unconstitutional.  This matter was referred to

Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act,

28 U.S. C. § 636, and Local Civil Rule 72.D.

On October 9, 2025, Magistrate Judge Pesto filed a Report and Recommendation (ECF No.

10) recommending that the Petition (ECF No. 5) be dismissed with prejudice for lack of

jurisdiction.  Petitioner was advised he could file objections to the Report and Recommendation

within fourteen days of the issuance of the Report and Recommendation.  *See* 28 U.S.C.§ 636

(b)(1)(B) and (C) and Local Civil Rule 72.D.2.  Petitioner has not filed any objections, and the

time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 10) under the

applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100

(3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant

to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of

Magistrate Judge Pesto in this matter.  Judge Pesto correctly found this Court lacks jurisdiction to

review a final order of removal.  The Court bases it decision on 8 U.S.C. §§ 1252(b)(9),[1] 1252(g),[2]

and the recent Third Circuit decision in *Khalil v. President, United States*, No. 25-2162, 2026 WL

111933 (3d Cir. Jan. 15, 2026).

> Our conclusion about habeas jurisdiction requires us to answer a second question:
> Did the Immigration and Nationality Act (INA) strip the New Jersey District Court
> of subject matter jurisdiction? It did. Because the INA channels "[j]udicial review
> of all questions of law... arising from any action taken or proceeding brought to
> remove an alien from the United States" into a single petition for review filed with
> a federal court of appeals, we hold that the District Court lacked jurisdiction over
> Khalil's removal proceedings. 8 U.S.C. § 1252(b)(9).

*Khalil*, 2026 WL 111933, at *1.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 4th day of February, 2026, IT IS ORDERED that the petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5) hereby is DENIED; and,

---

[1] **(9) Consolidation of questions for judicial review**
Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C.A. § 1252 (West)

[2] **(g) Exclusive jurisdiction**
Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C.A. § 1252 (West)

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 10) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.


Stephanie L. Haines
United States District Judge